UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-81813-CANNON/REINHART

CITY COMMUNICATIONS, INC. et al.,

        Plaintiffs,

v.

DAILYTEL, INC., et al.,

        Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION
FOR ENTRY OF STIPULATED PROTECTIVE ORDER GOVERNING
CONFIDENTIAL MATERIALS (ECF No. 90)**

      The parties filed a joint motion for stipulated protective order, seeking approval of their proposed confidentiality agreement and entry of a protective order to govern the production of confidential information in this case. ECF No. 90. The proposed stipulated protective order ("Stipulated Protective Order") is provided in the Motion.

      Having reviewed the provisions of the Stipulated Protective Order and in accordance with Federal Rule of Civil Procedure 26(c)(1), this Court finds good cause to grant the Motion. However, the parties are cautioned that the mere designation as "Confidential" by a party will not influence the Court's decision to seal a court filing on a subsequent motion. If either party later seeks approval to submit a document

1

under seal, such party should support a motion to file under seal with the specific reasons that justify such relief.

Pursuant to the Local Rules of the Southern District of Florida, "[u]nless otherwise provided by law, Court rule, or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L. R. 5.4(a). The general public possesses a common-law right to access judicial records, and judicial records are presumed to be public documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see also Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001).

"The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (quoting *Chicago Tribune*, 263 F.3d at 1309). When conducting this balancing test, "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)).

In seeking to file something under seal with the Court, the parties shall bear in mind these standards and comply with Local Rule 5.4. Specifically, the parties

must provide the Court with more than just the existence of an agreement between them. The Stipulated Protective Order binds the parties, not the Court, and good cause must still be shown before a filing is sealed.

The parties are reminded that the confidential designation should be applied as narrowly as possible and used only where it is genuinely needed. The parties shall refrain from the excessive and overbroad use of the confidential designation. Rather than designating an entire document confidential, the parties are encouraged to use alternative means, such as redaction, in handling sensitive information.

In addition, the Court declines to adopt the parties' agreement regarding the Court retaining jurisdiction to enforce the Stipulated Protective Order after final disposition of the case. Thus, the sentence "[t]he Court shall retain jurisdiction to enforce this Order during and beyond final disposition of this action" is stricken from Section IV of the Stipulated Protective Order. Finally, the Court declines to adopt Section VI(C) of the Stipulated Protective Order insofar as it permits the parties to file discovery motions. Instead, the parties shall comply with the procedure for raising discovery disputes set forth in the Court's Standing Discovery Order at ECF No. 79.

Consistent with the foregoing, it is hereby **ORDERED** that the parties' Joint Motion for Entry of Stipulated Protective Order Governing Confidential Materials [ECF No. 90] is **GRANTED in part and DENIED in part**. The terms and provisions of the parties' proposed confidentiality agreement are adopted and incorporated in their entirety subject to the additional provisos set forth in this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 26th day of September, 2023.

_____
BRUCE E. REINHART
United States Magistrate Judge